FILED 28 SEP '11 16:46USDC-ORP

**UNDER SEAL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 11-CR-384 - MO |
| v. | **INDICTMENT** |
| WAN LI YUAN,<br>    aka Wanli Yuan, aka Nicholas Bush,<br>    aka Nick Bush, aka Tony Yuan, and<br>JIANG SONG,<br>    aka Jason JIANG,<br><br>    Defendants. | **Conspiracy to Violate the International Emergency Economic Powers Act and to Smuggle Goods (18 U.S.C. § 371) (Count 1)**<br><br>**Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)) (Count 2)**<br><br>**Money Laundering (18 U.S.C. §§ 1956(a)(2)(A) and 2) (Counts 3–12)**<br><br>**FILED UNDER SEAL** |

### THE GRAND JURY CHARGES:

#### Introductory Allegations

At all times relevant to this indictment:

1.    Defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan was a resident of the People's Republic of China.  Defendant Wan Li YUAN falsely claimed to be a person named Nicholas Bush, and falsely claimed to be an employee of Company A, a company located in New York.  Defendant Wan Li YUAN also falsely claimed that Company A had a website.  In reality, defendant Wan Li YUAN was associated with a China-based company called China Wingwish Group Co., Ltd., which was involved in the procurement of dual-use electronics goods.

2.    Defendant Jiang SONG, aka Jason Jiang, was an associate of defendant Wan Li YUAN and occasionally pretended to be defendant YUAN in English-language discussions.

3.    Company A was a small business owned and operated by a New York resident who worked out of a house in New York.  Company A, which relied on "word of mouth" advertising and did not have a website, provided computer programs and computer networks for small companies.  Company A had no association with the defendants or the electronic equipment business in China.

4.    Lattice Semiconductor Corporation was a company headquartered in Hillsboro, Oregon, which manufactured, among other products, dual-use programmable logic devices. Lattice Part number GAL20V8B-15LD/883 (hereafter "Lattice Part 1") and Lattice Part number ispLSI1048C-50LG/883 (hereafter "Lattice Part 2") were two such logic devices.  Both Lattice Part 1 and Lattice Part 2 were devices with potential civilian use, including mining applications, as well as military use.  They are used to connect system processors with system memory, microcontrollers, and other input/output intensive sub-systems.  The silicon chips in Lattice's industrial/commercial grade versions of Programmable Logic Devices (PLDs) are identical to silicon chips in the militarized versions of the PLDs; however, the industrial versions are packaged in plastic and the military versions are packaged in ceramic.  The ceramic packaging provides the PLDs protection against harsh physical conditions (high moisture, extreme temperature ranges, etc.) and allows the PLDs to function across the military temperature range of -55°C to 125°C.  In his procurement efforts, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan specifically sought to procure the ceramic-packaged, military versions of the PLDs.  Common military applications for the militarized

**Indictment** (*United States v. Wan Li Yuan, et al.*)                              **Page 2**

versions of the PLDs include communication systems, data acquisition systems, missile guidance systems, radar systems, and software-defined radios.

5.      The United States Department of Commerce (DOC) is responsible for reviewing and controlling the export of certain goods and technologies from the United States to foreign countries.  The Export Administration Act (EAA), 50 U.S.C. App. §§ 2101–2420, authorized the DOC to prohibit or curtail the export of any goods and technology as necessary to protect, among other things, the national security of the United States.  The DOC implemented that authority through the Export Administration Regulations (EAR), 15 C.F.R. Parts 730–774.

6.      Although the EAA had lapsed, the EAR continued to be in effect under the provisions of the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. §§ 1701–1706, by virtue of Executive Order 13222 (August 17, 2001), as extended by successive Presidential notices.  Under IEEPA, the President of the United States is granted the authority to deal with unusual and extraordinary threats to the national security, foreign policy, or economy of the United States.  The President declares a national emergency through Executive Orders that have the full force and effect of law.  The primary focus of export controls under the EAR was to prevent the diversion of "dual use" exports, that is, items capable of either military or non-military use.

7.      Specific items controlled by the DOC were identified on the Commerce Control List (CCL), which was found in Supplement No. 1 to Part 774 of the EAR.  These items were further classified through the use of Export Control Classification Numbers (ECCN).  Each ECCN contained a commodity description, license requirements, potential valid license exceptions, and the reasons the item was controlled for export.

**Indictment** (*United States v. Wan Li Yuan, et al.*)                                                        **Page 3**

8.     Part 774 of the EAR contains descriptions of items controlled by the DOC for, among others, national security and foreign policy reasons.  ECCN 3A001 identifies certain electronic components whose export from the United States and re-export from abroad is controlled for national security reasons.  Lattice Parts 1 and 2 were classified as ECCN 3A001.a.2.c, and could not be exported to the People's Republic of China without a valid license issued by the DOC before shipment.

## COUNT 1
### (Conspiracy to Violate the International Emergency Economic Powers Act and to Smuggle Goods)

9.     The Introductory Allegations are incorporated as if fully set forth herein.

10.     Beginning at a date unknown but on or before April 2010, and continuing until at least August 2011, in the District of Oregon and elsewhere subject to the jurisdiction of the United States, defendants **WAN LI YUAN**, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, and **JIANG SONG**, aka Jason Jiang, did intentionally, knowingly and willfully conspire with each other and with persons unknown to the Grand Jury to commit offenses against the United States, to wit:

a.     To export and cause the exportation of goods, specifically electronic equipment, from the United States to the People's Republic of China without first having obtained the required licenses from the United States Department of Commerce, in violation of Title 50, United States Code, Section 1705(c), Executive Order 13222, and 15 C.F.R. § 764.2 and Part 774; and

/ / /

/ / /

     b.     To fraudulently and knowingly export and send from the United States merchandise, articles, and objects, specifically electronic equipment, contrary to the laws and regulations of the United States, in violation of Title 18, United States Code, Section 554;

     All in violation of Title 18, United States Code, Section 371.

     11.     It was a part of the conspiracy that the defendants would and did create false identities and pretend to be representatives of real or fictional U.S.-based businesses in an effort to procure American technology and products for export which could not be sent to China without first obtaining an appropriate license from the DOC.

     12.     It was a further part of the conspiracy that while using their false identities the defendants would and did contact American manufacturers and distributors of electronic equipment to negotiate the purchase of products which could not be exported to China without a license and falsely to represent to those manufacturers and distributors that their products would be used in manufacturing items in the United States or in other countries for which specific export licenses were not required.

     13.     It was a further part of the conspiracy that the defendants would and did request that the products which they were attempting to purchase be shipped by the manufacturer or distributor to a freight forwarder who would then send the products to the defendants in China.

     14.     In furtherance of the conspiracy, and in order to accomplish its purposes, the defendants committed and caused to be committed the following overt acts in the District of Oregon and elsewhere:

     a.     On or about April 6, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused a website to be created which falsely

**Indictment** (*United States v. Wan Li Yuan, et al.*)                    **Page 5**

indicated that the website belonged to Company A of New York. Much of the design and wording on this fictitious website was copied from the website of a legitimate Canadian company with no connection to or association with defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, or his business or the business of Company A of New York.

       b.      On or before April 10, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused the creation of an email address which he later used to pretend to be one "Nicholas Bush" of Company A of New York.

       c.      On or about April 19, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused the creation of a second email address which he later used to pretend to be one "Nicholas Bush" of Company A of New York.

       d.      On or about May 11, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an employee of Lattice Semiconductor Corporation in Hillsboro, Oregon, falsely indicating that Company A of New York was seeking to purchase Lattice Part 2.

       e.      On or about June 7, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an "end use certificate" purportedly signed by "Tommy Bush" of Company A of New York, to an employee of Lattice Semiconductor Corporation in Hillsboro, Oregon. The "end use certificate" falsely represented that Company A of New York would use Lattice Part 2 for "civel" (i.e., civilian) use in an automatic control system in a coal mine located in the United States of America.

/ / /

**Indictment** (*United States v. Wan Li Yuan, et al.*)                         **Page 6**

f.      On or about June 23, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an employee of Lattice Semiconductor Corporation in Hillsboro, Oregon, falsely indicating that Company A of New York was seeking to purchase Lattice Part 1.

g.      On or about July 20, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an employee of Lattice Semiconductor Corporation in Hillsboro, Oregon, falsely indicating that Company A of New York would use Lattice Part 1 for a motor control system to be manufactured by a Texas company for ultimate use by a mining company in Australia.

h.      On or about August 16, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an "end use certificate" purportedly signed by "Nicholas Bush" of Company A of New York to an employee of Lattice Semiconductor Corporation in Hillsboro, Oregon.  The "end use certificate" falsely represented that Company A of New York would use Lattice Part 1 for civilian use in product to be used by a mining company in Australia.

i.      On or about August 20, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent a purchase order to a distributor of Lattice Part 1 to obtain 10,000 units of Lattice Part 1 for $160,000.00 which requested that the parts be shipped to an address of a freight forwarder in New York which he falsely represented was associated with Company A of New York.

j.      On or about August 23, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $20,000.00 to be wire

transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts as a down payment for 10,000 units of Lattice Part 1.

k.       On or about September 27, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent a purchase order to a distributor of Lattice Part 1 to obtain an additional 5000 units of Lattice Part 1 for $80,000.00 which requested that the parts be shipped to an address of a freight forwarder in New York which he falsely represented was associated with Company A of New York.

l.       On or about September 30, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $10,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts as a down payment for 5000 additional units of Lattice Part 1.

m.       On or about December 1, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an FBI undercover employee who was pretending to be a distributor of Lattice Part 2, falsely identifying the defendant as a representative of Company A of New York.

n.       On or about December 7, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an FBI undercover employee who was pretending to be a distributor of Lattice Part 2, seeking 600 units of Lattice Part 2.  The defendant falsely stated that Company A of New York would provide the Lattice Semiconductor parts to a company in Massachusetts to be used to manufacture a motor control

system to be used by an oil drilling equipment company in the United States and would not be exported.

      o.    On or about December 10, 2010, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an "end use certificate" purportedly signed by "Tommy Bush" of Company A of New York, to an FBI undercover employee who was pretending to be a distributor of Lattice Part 2. The "end use certificate" falsely represented that Company A of New York would use Lattice Part 2 for a "moto" (i.e., motor) control system for an oil drilling equipment company in the United States.

      p.    On or about January 10, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent a purchase order to an FBI undercover employee who was pretending to be a distributor of Lattice Part 2, to obtain 300 units of Lattice Part 2 for $174,000.00. Defendant YUAN requested that the parts be shipped to an address of a freight forwarder in New York at the same address that YUAN had previously falsely represented was associated with Company A of New York.

      q.    On or about January 19, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $34,800.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China in Hong Kong to an account in Los Angeles, California as a down payment for 300 units of Lattice Part 2.

      r.    On or about February 14, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $58,200.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu

Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to an account in Los Angeles, California as a partial final payment for 300 units of Lattice Part 2.

s.     On or about February 15, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $51,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to an account in Los Angeles, California as a partial final payment for 300 units of Lattice Part 2.

t.     On or about February 16, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $30,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to an account in Los Angeles, California as a partial final payment for 300 units of Lattice Part 2.

u.     On or about February 18, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $60,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts for partial final payment for 15,000 units of Lattice Part 1.

v.     On or about February 18, 2011, defendant Jiang SONG, aka Jason Jiang, had a phone conversation with an FBI undercover employee in which he claimed to be "Nick Bush." In a second phone conversation later that day, defendant Jiang SONG, aka Jason Jiang, told an FBI undercover employee that he would send someone to Portland, Oregon, to pick up

/ / /

**Indictment** (*United States v. Wan Li Yuan, et al.*)                                **Page 10**

300 units of Lattice Part 2 and indicated that the FBI undercover employee could receive "a little something extra added to the price" for his troubles.

   w. On or about February 21, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $50,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts for partial final payment for 15,000 units of Lattice Part 1.

   x. On or about February 21, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an FBI undercover employee who was pretending to be a distributor of Lattice Part 2, offering to provide the employee with $10,000.00 in cash if the employee personally delivered the parts to the defendant in Hong Kong.

   y. On or about February 22, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $50,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts for partial final payment for 15,000 units of Lattice Part 1.

   z. On or about February 23, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, caused approximately $50,000.00 to be wire transferred from an account of AME Control Systems, Inc., Shenzhen Futian Qu Zhenxing Lu, Huakang Dasha 1, Dong 202, Shi, China, in Hong Kong to Boston, Massachusetts for final payment for 15,000 units of Lattice Part 1.

aa.     On or about February 23, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an FBI undercover employee requesting that the employee ship Lattice Parts 2 to a freight forwarder in New York not associated with Company A of New York, but cautioned the FBI undercover employee not to tell the freight forwarder "that is mili** part."

bb.     On or about February 23, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent a series of emails to an FBI undercover employee declining to meet the undercover employee in person in a place subject to United States authority because "F*I trapping has occurred Chi* businessmen, and I worry about this.  Sorry for my carefull."

cc.     On or about February 24, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to the distributor of Lattice Part 1 requesting that the parts be shipped to a freight forwarder in New York not associated with Company A of New York.

dd.     On or about March 3, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an employee of a distributor of Lattice Part 1 and asked him to communicate with the defendant via a personal email address rather than the employee's corporate email address.

ee.     On or about March 3, 2011, defendant Wan Li YUAN, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, sent an email to an employee of a distributor of Lattice Part 1 and suggested that he would give the employee "a commission" to ship 15,000

units of Lattice Part 1 despite the employee's suspicions that the parts were to be ultimately illegally exported to China.

## COUNT 2
### (Conspiracy to Commit Money Laundering)

15.     The Introductory Allegations are incorporated as if fully set forth herein.

16.     Beginning at a date unknown but on or before April 2010, and continuing until at least August 2011, in the District of Oregon and elsewhere subject to the jurisdiction of the United States, defendants **WAN LI YUAN,** aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, and **JIANG SONG**, aka Jason Jiang, did knowingly combine, conspire, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is, to transport, transmit and transfer monetary instruments and funds from a place outside the United States to and through a place inside the United States with the intent to promote the carrying on of specified unlawful activity, that is, smuggling of goods from the United States, a violation of the Export Administration Regulations, and an offense involving Section 206 of the International Emergency Economic Powers Act, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 3–12
### (Money Laundering)

17.     On or about the dates set forth below, in the District of Oregon and elsewhere subject to the jurisdiction of the United States, defendant **WAN LI YUAN**, aka Wanli Yuan, aka Nicholas Bush, aka Nick Bush, aka Tony Yuan, did knowingly transport, transmit, and transfer

**Indictment** (*United States v. Wan Li Yuan, et al.*)                                    **Page 13**

funds, as set forth below from Hong Kong into the United States with the intent to promote the

carrying on of a specified unlawful activity, to wit:  smuggling of goods from the United States,

export control violations involving items controlled under the Export Administration

Regulations, and an offense involving Section 206 of the International Emergency Economic

Powers Act;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Indictment** (*United States v. Wan Li Yuan, et al.*)                              **Page 14**

|            | Date               | Amount       |
|------------|--------------------|--------------|
| Count 3:   | August 23, 2010    | $20,000.00   |
| Count 4:   | September 30, 2010 | $10,000.00   |
| Count 5:   | January 19, 2011   | $34,800.00   |
| Count 6:   | February 14, 2011  | $58,200.00   |
| Count 7    | February 15, 2011  | $51,000.00   |
| Count 8:   | February 16, 2011  | $30,000.00   |
| Count 9:   | February 18, 2011  | $60,000.00   |
| Count 10:  | February 21, 2011  | $50,000.00   |
| Count 11:  | February 22, 2011  | $50,000.00   |
| Count 12:  | February 23, 2011  | $50,000.00   |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

Dated this 28 day of September 2011.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

DWIGHT C. HOLTON, OSB #09054
United States Attorney
District of Oregon

CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorney

**Indictment** (*United States v. Wan Li Yuan, et al.*)                          **Page 15**